PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN BAYRON, *alias* RAFAEL BAYRON, Defendant and Appellant.

No. 3981.  Argued March 31, 1930.—Decided April 10, 1930.

786

_Angel A. Vázquez_, for appellant.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In his original brief on appeal in this case, the appellant set forth the following:

"In view of the facts above recited, of the information filed, of the evidence introduced and of the judgment rendered, the defendant maintains that error has been committed in this case in the bringing of a verdict of guilty by the jury and in the rendering of a judgment of conviction against him by the Hon. District Court, since such verdict is contrary to the evidence, which was entirely insufficient. In a word, error has been committed in the weighing of the evidence."

As the said brief did not comply with the rules of this court we dismissed the appeal by a decision of March 24 of the current year.

Now the appellant, acknowledging that the brief filed by him was not in accord with Rules 42 and 43 of this court, has moved for a rehearing of the appeal, and in support of his motion he states that, as the prosecution has not moved for a dismissal, the appellant did not have an opportunity to request permission to amend his brief; that this is an important case, not only by reason of the sentence imposed, but also because of the insufficiency of the evidence to support a conviction; that this court has been very liberal in similar

cases, of which several are cited, and he attached to his motion an amended brief and asked leave to file it. In this new brief three errors are assigned—insufficiency of the evidence, error in the weighing thereof by reason of an erroneous instruction of the trial court as to a prior conviction, and error on the part of the court in not instructing the jury to the effect that the failure of the defendant to testify proved nothing against him.

It is to be observed that the appellant has attempted to take advantage of his motion for rehearing in order to strengthen, with new assignments of error, his former brief. This is not permissible.

We find no great force in the grounds advanced by the appellant for his motion.

It was not necessary that the *Fiscal* of this court should move for a dismissal of the appeal. This court has the power, in accordance with its rules, to order such dismissal without any request therefor from either of the parties.

As regards the sentence imposed, this is not a consideration which has great weight. The statute fixes the limits of the punishment and the courts are not empowered to stop the hand of the law, no matter how regrettable it may be to deprive a person of his liberty.

Regarding the liberality with which this court may have acted in the cases cited by the appellant, this is something which can not be relied on by the parties; nor are the latter entitled to expect that this court will excuse them from a compliance with such rules. If this court has exercised its discretion with a liberal tendency in particular cases, this does not mean that its rules have been abolished.

Before considering the question of the dismissal, it would be well to examine the evidence in the case. It is clear that no person was caught in the act of jumping through the window of Mr. Aulet's room, or in the act of stealing the eyeglasses and other articles from him. But evidence was introduced before the jury showing that the defendant,

late at night, was seen lurking about the house in which Aulet slept; that thereafter he was seen by policeman José Ramos Torres going into an alley near the house with a lantern in his hand and accompanied by another individual; that when the policeman went to the other side to arrest them, they took flight; that there were found in the possession of the defendant, among other things, the eyeglasses stolen from Aulet; and that the defendant had previously served a prison term for burglary. The defendant offered no evidence in his behalf and in that condition the case was submitted to the jury, under instructions which were specific, correct, impartial and in full accord with the law.

. The jury weighed the circumstantial evidence introduced, put together in their mind the links of a chain of facts and circumstances, and finally rendered an impartial and just verdict. We can not assume here that the pronouncement of the triers of fact was influenced in any manner adverse to the accused by the circumstance of his prior conviction or by his failure to testify in his defense, as now claimed in the new brief of the appellant.

In his brief the *Fiscal* of this court aptly cites Underhill's Treatise on Criminal Evidence and quotes therefrom (p. 641, par. 371) as follows:

"Evidence that . . . (the defendant) . . . had been seen lurking about the premises . . . is always admissible."

Also the following:

"It has been held that a person in whose possession money or goods were found, recently taken from premises which had been broken in, would be presumed from possession alone as matter of law, at least in the absence of a valid explanation, guilty not only of larceny, but of the burglary as well. The large majority of the cases, however, while admitting that recent possession alone may in some circumstances create a presumption of larceny, repudiate this doctrine as regards burglary. The true rule doubtless is that the mere possession of stolen property creates no presumption of law that the person in whose possession it was found committed the burglary in which they were taken. The possession is a circumstance-

to go to the jury, and its weight is for them. The *corpus delicti* of the burglary, that is, the breaking in and entering, must be proved by independent evidence and can not be presumed from evidence of mere possession. If it appears that a burglary was in fact committed, the possession by the accused is a circumstance from which, in connection with all the evidence, the jury may presume as a matter of fact that he committed it.

The relevancy of the possession of articles taken from the premises is to a certain extent due to the fact that the possession shows that the accused has been in the premises. The possession may, and in most cases does, show a criminal intent, *i. e.*, the intent to steal, where proof of this intent is necessary. But even where proof of an intent to steal is not alleged evidence of recent possession after the breaking in is competent to identify the person who did it . . . But in burglary, as in the kindred offense of larceny, the possession of the defendant must be personal and exclusive and unexplained, and must involve a conscious assertion of ownership by him. He should always be permitted to explain how he obtained the property; and if his explanation is reasonable and probable, he should be acquitted." Underhill on Criminal Evidence, p. 653, par. 378.

In *People* v. *Ramírez, ante,* p. 379, this court said:

"The evidence was in truth contradictory, but there was enough to go to the jury and it would take a very strong case for this court to set aside a verdict rendered under such circumstances. When a judge sits alone it is rare for us to review a mere conflict in the evidence, but when a jury hears the case an appellate court will rarely set aside a verdict and especially not without a stronger showing than appears in this appeal."

The motion for rehearing and for leave to file an amended brief must be denied.